UNITED STATES DISTRICT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Belmonte,

    Petitioner,                                       Case No. 2:12–cv–911

    v.                                                  Judge Watson

Brian Cook, Warden                   Magistrate Judge King

    Respondent.

## OPINION AND ORDER

On May 30, 3013, the Magistrate Judge recommended that Respondent's *Motion to Dismiss,* ECF No. 5, be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation*, ECF No. 9. For the reasons that follow, Petitioner's *Objection,* ECF No. 12, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss*, ECF No. 5, is **GRANTED**. This action is hereby **DISMISSED**.

Petitioner claimed, *inter alia*, that he was denied the effective assistance of counsel when his attorney failed to object to the testimony of Deputy Morris. The Magistrate Judge concluded that this claim was defaulted because, although it was presented to the Ohio Court of Appeals, Petitioner failed to raise the claim before the Ohio Supreme Court. In his *Objection*, Petitioner again asserts, as cause for his procedural default of this claim, the ineffective assistance of his appellate counsel based on his attorney's failure to raise the claim on appeal to

the Ohio Supreme Court. As discussed by the Magistrate Judge, however, because Petitioner had no right to counsel in proceedings before the Ohio Supreme Court, even the ineffective assistance of counsel in those proceedings cannot serve as cause for Petitioner's procedural default. *See Halbert v. Michigan,* 545 U.S. 605 (2005); *Coleman v. Thompson,* 501 U.S. 722, 752 (1991).

Petitioner also claimed that he was denied the effective assistance of counsel when his attorney failed to file a motion to suppress the results of his blood alcohol test because, at the time he was asked to submit to a blood alcohol test, police had no probable cause to believe that he had been driving under the influence of alcohol. The Magistrate Judge recommended that this claim be dismissed on the merits, reasoning that a motion to suppress the results of the blood alcohol test would have been denied because, at the time of Petitioner's arrest, police had probable cause to arrest him. *Report and Recommendation*, 14–15, ECF No. 9. Petitioner objects to this conclusion.

The state appellate court, in rejecting this claim, made a factual finding that the "moment of arrest was not until after Deputy Morris arrived at the hospital, Morris smelled a slight odor of alcohol from Petitioner, and Petitioner told him that he had consumed a couple of beers." *State v. Belmonte*, No. 10AP-373, 2011 WL 982735, at *2–4 (Ohio App. 10th Dist. March 22, 2011). The factual finding of the state appellate court is presumed to be correct. *See* 28 U.S.C. § 2254(e). Even if, as Petitioner now argues, police did not place him

under arrest at that time, that fact is without significance to his constitutional claim. Moreover, Petitioner did not present this argument to the state appellate court. See Exhibit 7 to Motion to Dismiss. He may not raise a new argument for the first time in his objections to the Report and Recommendation.

Petitioner also claimed that the evidence against him was constitutionally insufficient to sustain his convictions and that he was denied a fundamentally fair trial due to the admission of testimony by the State's expert witness. The Magistrate Judge recommended that these claims be dismissed. Specifically, the Magistrate Judge relied on the findings of the state appellate court to conclude that the evidence was constitutionally sufficient to sustain petitioner's convictions and concluded that Petitioner's trial was not so fundamentally unfair, by reason of the admission of the challenged evidence, as to warrant habeas corpus relief. Report and Recommendation 17, ECF No. 9. Petitioner objects to this recommendation, again raising all of the arguments presented to and rejected by the Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 12, is **OVERRULED**. The Report and Recommendation, ECF No. 9, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner asks that the Court issue a certificate of appealability as to his claims. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citing *Barefoot*, 463 U.S. at 893). When a claim has been dismissed on procedural grounds, there are two components to the determination of whether a certificate of appealability should issue:

> Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484. "The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court concludes that reasonable jurists could debate whether Petitioner's claims of the denial of the effective assistance of counsel based on his attorney's failure to file a motion to suppress the results of his blood alcohol test, and insufficiency of the evidence, which were dismissed on the merits,

should have been resolved differently. Petitioner's request for a certificate of appealability on these claims is therefore **GRANTED**.

The following issues are certified for appeal:

1. Was Petitioner denied the effective assistance of counsel when his attorney failed to file a motion to suppress the results of his blood alcohol test?

2. Was the evidence constitutionally insufficient to sustain Petitioner's convictions?

*/s/ Michael H. Watson*
**MICHAEL H. WATSON**
**United States District Judge**